McCormick v. Kas. C., St. Jos. & Council Bluffs R. R. Co.

MATTHEW McCORMICK, Plaintiff in Error, *vs.* THE KANSAS CITY, ST, JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, Defendant in Error.

1. *Railroads—Drainage of surface water—Must be accomplished with reasonable care, etc.*—While a railroad company has a right to drain surface water from its road bed, so as to protect the same for continued and profitable use, the work must be so done as to occasion no unnecessary inconvenience or damage to the adjoining proprietor. And the latter may recover for injuries produced by mere negligence without proving malicious intent.

2. *Railroads—Damage to adjoining land—What contemplated by estimate of damages assessed in condemning.*—Damages to adjoining land such as would naturally occur where a railroad is constructed and used in a lawful and ordinary manner, are presumed to be included in the estimate of damages assessed in condemning the road bed, and cannot afterward be recovered in a suit against the railroad. But otherwise, where the injuries are the result of tort or negligence on the part of the company.

### *Error to Buchanan Circuit Court.*

*John A. Ryan*, for Plaintiff in Error: cited in argument, Waffle vs. N. Y. C. R. R., 58 Barb., 422; Goodale vs. Tuttle, 29 N. Y., 459; Martin vs. Riddle, 26 Penn. St., 415; I. C. R. R. Co. vs. Grabell, 50 Ill., 242; Driver vs. Western Union R. R. Co., 32 Wis., 569; Sess. Acts, 1855–6, p. 406; Local Laws, 1855, p. 234; Brown vs. Cayuga & Susquehanna R. R. Co., 2 Kern., 491; Hooker vs. New Haven and New Hamilton Canal, 14 Conn., 146; Baughton vs. Carter, 18 Johns., 404; Bradley vs. N. Y. & N. H. R. R. Co., 21 Conn., 293.

*B. F. Loan*, for Plaintiff in Error.

I. Damages assessed for the right of way do not include compensation for injuries such as are stated in the petition. (Wagn. Stat., p. 326, § 1, Art. V., Corp. Law.)

II. Plaintiff is entitled to recover if he has been injured by the wrongful act of the respondent, although it may not have been committed maliciously.

*Stringfellow, and Hall & Oliver*, for Defendant in Error: cited in argument, Imler vs. City of Springfield, 55 Mo., 119; Jones vs. Hannovan, 55 Mo., 462; 2 Allen, 357; 10 Allen, 591; 23 How., 514; 6 Barr., 383; 13 Gray, 194; Clark

vs. Han. & St. Jo. R. R., 36 Mo., 223; 13 Allen, 293; Ang. Wat. Cours., §§ 138, 139 and 108a. —b.; 8 Gray, 409; Horner vs. Dartmouth, 13 Allen, 291–293; 1 Den. 597.

VORIES, Judge, delivered the opinion of the court.

This action was brought by the plaintiff to recover damages of the defendant, which it was charged were caused by the negligent turning of a large body of water, by the defendant, upon and over the lands of the plaintiff.

The petition, after stating that the defendant was a corporation owning and operating a railroad in Buchanan County, and that the plaintiff was the owner of a tract of land adjoining to and on the west side of said railroad, proceeded to state, that on the east side of said railroad and opposite plaintiff's land, a large quantity of surface water was accustomed to stand and remain in a large pond, covering a surface of several acres, and that, during heavy rains, the surface water would flow in great quantities from the hills east of said railroad and pond with great force, down on the wet land east of said road and opposite plaintiff's land as above mentioned; and that, "during such heavy rains, a certain branch or creek, known as Contrary Creek," which flowed in a westwardly direction across said road, would overflow its banks, east of said railroad, and a great portion of the surplus water of said creek flowed over said low and wet land in manner so that the said surface water and said surplus water from said creek formed a large body of water east of said railroad, where the same joins plaintiff's said land.

Plaintiff further states "that on or about the month of June, A. D., 1871, defendant negligently and maliciously cut an artificial channel from said pond or body of water through the embankment of its said railroad bed, and drained all of said body of water on to plaintiff's said land, so that the surface water which had flowed from the said hills and the surrounding lands, which was caused by a very heavy rain storm, and the surplus water which overflowed with great force from said creek, flowed with great force and violence on plaintiff's land,

rendering it mostly valueless, and damaging it to the amount of three hundred dollars, and also destroyed all the corn which was growing on said land to the amount of eight acres." The petition also charged that his well and spring were injured and his house damaged, etc., etc., and prayed judgment for $1,200.

The defendant in its answer denies the allegations of the petition and then sets up as a defense to the action, that in the construction of the railroad, the right of way to the road bed of said railroad had been condemned under the statute in such case made and provided, setting forth all of the facts required in order to a legal condemnation of said road bed, and that the damages assessed for the appropriation of said land to the use of the road had been paid; that the damages so assessed and paid included whatever damages could or might be done to plaintiff's land by the building and construction of said railroad, and all embankments thereon, and all drains and channels under said embankment necessary to the proper construction and maintenance of said railroad ; and that the channel mentioned in said petition was necessary to the use and maintenance of said road.

To the last defense set up in the answer the plaintiff replied denying the same. The bill of exceptions does not set out the evidence in the case, but simply states that the plaintiff introduced evidence tending to prove the material allegations in his petition, and that the defendant offered evidence tending to prove the allegations set up in the second defense to the petition. The evidence offered by the defendant was objected to by the plaintiff as being immaterial and going to prove no defense to the plaintiff's action. This objection was overruled and the plaintiff excepted.

At the close of the evidence, the plaintiff asked the court to give the jury several instructions which were all refused by the court, one of which was as follows : "The court instructs the jury that if they believe from the evidence that the defendant collected a large body of surface water on the east side of its railroad by the embankment of said road as charged in

plaintiff's petition, and that sometime in June of 1871, or about that time, charged in plaintiff's petition, said defendant, by an artificial channel through said embankment, negligently and carelessly drained said body of water on to plaintiff's land, then plaintiff is entitled to recover what damages he has suffered as is shown by the evidence."

The other instructions asked by the plaintiff need not be noticed, as part of them are admitted to be improper and the others contain the converse of those asked for and given on the part of the defendant, which are as follows:

1st. "If the jury believe from the evidence, that the culvert made by the defendant in its road bed was not made maliciously and for the sole purpose of maliciously injuring plaintiff, then defendant is not liable for any injury caused by water passing through such culvert into plaintiff's land."

2d. "Defendant had the right to protect its road bed against overflow and surface water from rains, and for that purpose to make all such banks or culverts as it deemed proper; and if the jury believe from the evidence that the injury done plaintiff was by the passage of water from overflow or rains, through a culvert made by defendant through its road bed, they will find for the defendant, unless they believe that such culvert was not necessary for the protection of defendant's road bed, but was constructed for the purpose of injuring plaintiff."

3d. "If the jury find that, prior to the injury complained of by the plaintiff, the right of way for defendant's road was acquired by defendant by condemnation at law of the land on which said road was located through the tract of which plaintiff's land is a part, then plaintiff cannot recover for damages caused by the flow of water through said road bed into his land."

These instructions were objected to by the plaintiff and exceptions taken to the ruling of the court in giving the same, as well as in refusing the instructions asked for by the plaintiff. The plaintiff then suffered a non-suit, with leave to move to set the same aside, which motion was afterwards made and

overruled by the court, and the plaintiff again excepted, and has brought the case here by writ of error.

The only question presented for the consideration of this court by the record in this case, grew out of the action of the Circuit Court in giving and refusing instructions asked for by the respective parties; for if the instructions given on the part of the defendant were properly given, the evidence objected to by the plaintiff was properly received.

There is no doubt but that the authorities of towns and cities, whose duty it is to keep the streets and public ways in good repair for the use of the public, may repair the same in a reasonable manner, without incurring any liability to adjoining proprietors, even though said improvements may cause a change in the natural flow of surface water to their injury; but if such a corporation should engage in works of private utility to the corporation, and not solely for public use, and private property of another is injured thereby, the corporation would be liable just to the same extent and under the same circumstances that private persons would be liable for the same acts.

The general rule, however, is, that either municipal corporations or private persons may so occupy and improve their land, and use it for such purposes as they may see fit, either by grading or filling up low places, or by erecting buildings thereon, or by making any other improvement thereon, to make it fit for cultivation or other profitable or desirable enjoyment; and it makes no difference that the effect of such improvement is to change the flow of the surface water accumulating or falling on the surrounding country, so as to either increase or diminish the quantity of such water, which had previously flowed upon the land of the adjoining proprietors, to their inconvenience or injury. (Ang. Wat. Cours., p. 122, § 108 and following, and cases there cited; Goodale vs. Tuttle, 29 N. Y., 459; Waffle vs. N. Y. Cen. R. Co., 58 Barb., 413; Turner vs. Inhabitants, &c., 13 Allen, 291; Imler vs. City of Springfield, 55 Mo., 119, and cases there cited.)

The same rule would apply to water flowing over the country, which had escaped from the banks or natural channel of a running stream of water, by reason of a flood in the stream occasioned by heavy rains or the melting of snow upon the surrounding country. But persons exercising this right to improve and ameliorate the condition of their own land, must exercise it in a careful and prudent way. The owner of land could not collect all of the water falling upon his buildings during heavy rains, and by means of pipes or gutters, precipitate the water thus collected directly upon the land of the adjoining proprietor, nor could he collect the surface water from the surrounding country into a large reservoir or pond upon the line dividing his land and the land of an adjoining proprietor, and then turn it loose in large quantities on the land of the adjoining proprietor so as to destroy the value of the land and crops of the adjoining proprietor. He must improve and use his own lands in a reasonable way, and in so doing he may turn the course of, and protect his own land from, the surface water flowing thereon; and he will not be liable for any incidental injury occasioned to others by the changed course in which the water may naturally flow, and for its increase upon the land of others. Each proprietor in such case is left to protect his own lands against the common enemy of all.

In the present case the plaintiff complains that the defendant had so constructed its road that the embankment made therefor had collected a large body of surface and overflowed water on the east side of its road bed where the same adjoined the land of plaintiff; and that, after said water had been so collected in a large body or pond, the defendant negligently and maliciously cut an artificial channel from said body of water through the embankment of its road bed, and drained all of said large body of water on to plaintiff's land, by which plaintiff was damaged, etc.

The first instruction asked by the plaintiff told the jury in effect, that if the plaintiff did this act charged in the petition, in the manner therein charged, plaintiff had a right to re-

cover. We think this instruction ought to have been given. While the defendant had a right to drain the surface water from its road bed, so as to protect the same for continued and profitable use, it should have been done in a reasonable manner with reference to the rights of others. If there was a running stream of water in the vicinity of the road, into which the water could have been drained by a ditch cut on defendant's own land, that should have been done. If there was no such stream convenient, the water should have been drained off by culverts or otherwise, so as to occasion no unnecessary inconvenience or damage to plaintiff. (Kaughman vs. Greiseman, 26 Penn., 415 and note ; Waffle vs. New York Central R. R. Co., 58 Barb.. 413.)

The jury are told by the first instruction given by the court at the instance of the defendant, that the act of the defendant in making the culvert and turning the body of water on the land of the plaintiff must have been done by the defendant maliciously and for the sole purpose of maliciously injuring plaintiff, in order to a recovery on the part of the plaintiff. I cannot see upon what principle the doctrine contained in this instruction can be upheld. If the act was unlawful and negligent, or reckless, it certainly makes no difference whether it was maliciously done, or what object the defendant had in view, except as to the amount of damages.

The second instruction given by the court is subject to the same objection. The jury are told by it that the plaintiff cannot recover unless the acts done by the defendant were done for the purpose of injuring the plaintiff.

It is further contended by the defendant, that if the plaintiff was damaged by the acts complained of, such damages were included in the assessment of damages to the owner of the land in condemning the road bed of defendant across the tract of land of which plaintiff's land forms a part, and that therefore no recovery can be had on this action.

It seems to me that that proposition would depend on the question whether the act done was lawful or unlawful in itself. The defendant had a right to construct its road and to

use it in all usual and lawful ways; and, if, by the usual and lawful construction and use of the road by defendant, in conformity with its charter, plaintiff's land was injured, such injuries would be understood to have been included in the damages assessed in condemning the road bed—as, if the plaintiff's house and barn were rendered less valuable by their liability to be burned by fire escaping from the locomotives used on the road, when they were good safe locomotives, and carefully used and operated on the road, such damages, it is natural to presume, were in the contemplation of the commissioners in assessing the damages; but the commissioners certainly never contemplated, and were not authorized to contemplate, that the plaintiff would use unsafe locomotives, or that it would use them so carelessly, that by reason of such carelessness plaintiff's house or barn would be burned, and assess damages for such supposed careless conduct. Such damages occasioned by such wrongful and careless conduct would most certainly give a right of action in favor of the party injured: and, the fact that the right of way had been condemned and paid for, would be no defense to an action for such wrongful act.

We think that the authorities on the subject are consistent with the view here taken of the second defense of the defendants; and any other construction, it seems to us, would be manifestly unjust. The plaintiff's motion to set aside the non-suit taken in the case should have been sustained.

The judgment will be reversed and the cause remanded. Judge Sherwood is absent. The other judges concur.