JOHN M. JONES, Respondent, v. THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 8, 1885.

1. WATER COURSE—DEFINITION OF, AS ADOPTED IN BENSON V. R. R. Co., 79 Mo. 514.—In order to constitute a "water course" in legal contemplation, "there must be a stream usually flowing in a particular direction, though it need not flow continually. It must flow in a definite channel, having a bed, sides, or banks, and usually discharge itself into some other stream, or other body of water. It must be something more than a mere surface drainage over the entire face of a tract of land, occasioned by unusual or other extraordinary causes. It does not include the water flowing in the hollows or ravines inland, which is the mere surface water from rain or melting snow, and is discharged through them from a higher to a lower level, but which, at other times, are destitute of water. Such hollows or ravines are not, in legal contemplation, water courses." Following Benson v. R. R., 79 Mo. 514, which adopts the definition of Dixon, C. J., in Hoyt v. City of Hudson, 27 Wis. 661.

2. ——— WATER ESCAPING FROM ANOTHER STREAM INTO THESE SLOUGHS ALSO SURFACE WATER.—Neither are sloughs or swales to be regarded, in law, as water courses, as to the water flowing over the country which had escaped from the banks or natural channel of a running stream. If they are not themselves water courses, they are not made so by the water escaping from the banks of a running

stream flowing through or over them. *McCormack v. R. R. Co.*, 57 Mo. 536.

APPEAL from Livingston Circuit Court, HON. JAS. M. DAVIS, J.

*Reversed and remanded.*

Statement of case by the court.

This was an action instituted upon the 14th day of August, 1881, in the circuit court of Livingston county, Missouri, to recover the sum of two thousand, seven hundred and sixty dollars damages, alleged to have been caused by the overflow of certain surface water in the years 1880 and 1881, over and upon plaintiff's land. The amended petition of plaintiff on which the cause was tried, originally contained three counts. At the trial, the plaintiff dismissed as to the third count. The issues were, therefore, made up and the cause tried upon the first and second counts of the amended petition.

Plaintiff, for his first cause of action, alleges in substance, "that his land lies west and contiguous to a running stream of water known as Indian creek, which flows from a northerly to a southerly direction, on east side of said lands; that said lands, as well as those adjoining, are lower bottom lands and are subject to the overflow from the said creek, which occurs annually. That previous to the month of March, 1871, the waters that overflowed said lands from said creek, passed over and off of the same speedily and conveniently, without damage to the same or the crops thereon, through and by means of three several sloughs or swales; that these sloughs intersected said lands from northeast to southwest; that the most western of the said sloughs is near the western boundary of said lands, the second about 120 yards, and the third about 450 yards east of the same; that said St. Louis, Council Bluffs & Omaha Railroad Company, in constructing its railroad bed over and across said lands, closed up the said middle slough entirely and so obstructed the other two that there was not sufficient water way left *for the passage of the sur-*

*plus water that overflowed said lands from said creek,* but that said road-bed was not of sufficient height to prevent the water from overflowing the same, and passing off said lands without injury to it or the crops growing thereon.

"That previous to and about the 1st day of November, 1879, the defendant became the owner and took possession of said road-bed, and has had the possession and control of the same ever since. That in the winters of 1879 and 1880 the defendant caused the said road-bed to be elevated to an additional height of from three to four feet, leaving said middle slough entirely closed up, and the other two sloughs so obstructed by dirt, stone, wood, and other material *that the waters that overflowed said creek upon said lands of plaintiff were prevented from passing off from same as they had theretofore done.*

"That by means of said obstruction the said overflow of water was retained upon the same for long periods of time to the great detriment of the same, and the crops growing thereon. That thereafter, during the year 1880, the surplus water of said creek overflowed the plaintiff's land in the manner aforesaid, and, in consequence of said embankment and obstructions so erected and maintained by defendant, so obstructing said sloughs or swales, the said waters were dammed up and retained upon plaintiff's land for a long period, to-wit: for forty hours, thereby there were destroyed thirty-eight acres of wheat and ten acres of timothy standing, being and growing thereon, the property of the plaintiff, of the value of $220; thereby plaintiff was damaged in said amount, for which he asks judgment.

"The second count of plaintiff's petition stated the same cause of action set forth in the first, except that a different tract of land was therein described, and the overflow complained of was alleged to have occurred in 1881, while the damage prayed for in said count amounted to $840."

The answer, among other things, averred "that in 1870 the St. Louis, Council Bluffs & Omaha Railway Company commenced the construction of its railway through the

land in plaintiff's said petition described, and it acquired the right of way therefor from one John Ulrich and wife, on the 15th day of January, 1870, and also by condemnation proceedings, under and by virtue of the provisions of chapter 66 of the general statutes of Missouri; that the damages awarded under said condemnation proceedings were duly paid into the clerk of the circuit court of Livingston county, in lawful money of the United States, as required by law, whereupon, in the month of March, 1871, said St. Louis, Council Bluffs & Omaha Railroad Company erected upon and constructed its line of railroad over the land hereinbefore described.

"Defendant further avers that in the month of July, 1879, said St. Louis, Council Bluffs & Omaha Railroad Company leased its line of railroad in Livingston and Daviess counties, in Missouri, as then constructed and operated, to this defendant, who has since that time, and is now engaged in the operation of said railroad as lessee thereof."

These averments of the answer were admitted by plaintiff to be true.

The plaintiff introduced evidence tending to prove the allegations of the petition. At the close of all the evidence the plaintiff asked no declaration of law; the defendant asked only one in the nature of a demurrer to the evidence, which the court refused. The court, sitting as a jury, found for the plaintiff, and judgment was accordingly entered. From said judgment the defendant has appealed to this court.

Geo. S. Grover, for the appellant.

I. The petition does not state facts sufficient to constitute a cause of action, as no negligence in the construction or maintenance of the embankment was alleged. *Clark v. H. & St. Jo. R. R.*, 36 Mo. 223; *Jones v. St. L., I. M. & S. R. R. Co.*, Sup. Ct. Mo., not yet reported.

II. Under the pleadings and evidence, the plaintiff was not entitled to recover, and for that reason defendant's refused instructions should have been given. *Clark v. H. & St. Jo. R. R.*, 36 Mo. 223; *Imler v. Springfield*, 55

Mo. 119; *Jones v. Hannoran*, 55 Mo. 462; *McCormick v. K. C., St. Jo. & C. B. R. R.*, 57 Mo. 437; *Benson v. C. & A. R. R.*, 78 Mo. 504; *Abbott v. K. C., St. Jo. & C. B. R. R.*, 83 Mo. 271; *Jones v. St. L., I. M. & S. Ry.*, Sup. Ct. Mo., not yet reported; *Lessard v. Strain*, Sup. Ct. Wis.; Cent. Law Journal, March 20th, 1885, p. 231; *Moss v. St. L., I. M. & S. Ry. Co.*, Sup. Ct. Mo., not yet reported.

III. Plaintiff can not recover in this action against defendant for the obstruction of *surface water*, caused by the original embankment, without proof that defendant had notice or knowledge of the same. There is neither averment nor proof of that fact in the record, and, therefore, plaintiff was not entitled to judgment as to it. *Pinney v. Berry*, 61 Mo. 359; *Dickson v. C., R. I. & P. Ry. Co.*, 71 Mo. 575; *Wayland v. St. L., K. C. & N. Ry. Co.*, 75 Mo. 548.

GILL & BROADDUS, for respondent.

I. As to the first point in appellant's brief, we say that the doctrine laid down in *Clark v. H. & St. Jo. R. R.* (36 Mo. 223), does not apply to this case. If the court holds that the water obstructed in the sloughs by defendant is not surface water, the true rule will be found in *McCormick v. K. C. & St. Jo. & C. B. R. R.* (57 Mo. 439).

II. The second point made in appellant's brief, if good, goes to the right of respondent to recover in any event. And if the court hold that the water passing through the sloughs, when Indian creek is full, is mere surface water, the case of *Abbott v. K. C., St. Jo. & C. B. R. R.* (83 Mo. 271), is applicable. We are not inclined to dispute the effect of that decision, but we understand it to apply to surface water. In *this case*, we insist that the sloughs in question are *water courses*. It is shown by the evidence of Morris that the capacity of one of these sloughs is greater than that of Indian creek. It might, with equal propriety, be said of any given stream that it must always contain running water, or else the waters that do flow in at other times are surface waters. Are these sloughs natural channels through which Indian creek, during high water, discharges a part

of its body which would otherwise overflow its banks and inundate the adjoining country? If so, the waters flowing through them are not mere surface waters, but to all purposes, streams. The evidence shows that the waters leaving Indian creek, follow the beds of these sloughs to the railroad embankment, where they are dammed up and thrown back on plaintiff's land. Appellant admits that one of the sloughs was closed up, and that the two other sloughs were so obstructed "that there was not sufficient water way left for the passage of the surplus water that overflowed said lands from Indian creek. Morris' testimony shows that during high water the greater part of Indian creek flows through the main slough; that at the junction of the slough and Indian creek, the bottom of the slough is on a level with that of the creek. The evidence shows that not only the capacity of one of the sloughs is greater than Indian creek, but that it at the same time carries off the water through its channel as rapidly as the other.

III. There is nothing in appellant's third point. It is a new doctrine that the party who creates a nuisance must have notice before he can be made responsible in an action at law; and the authorities cited by appellant do not declare any such law. The petition in this case avers and the evidence shows that the defendant created the nuisance complained of.

Opinion by HALL, J.

The single question presented by the record in this case, is, whether the facts alleged in the petition and established by plaintiff's proof, as alleged, are sufficient to constitute a cause of action.

First, then, was the water, alleged to have been obstructed and thereby retained upon plaintiff's land by defendant, surface water, or was it the water of certain named water courses, to-wit: the sloughs or swales described in the petition?

We are clearly of the opinion that these sloughs or swales can not be considered as water courses. In *Benson v. R. R. Co.* (78 Mo. 514), it is said: "The best

legal definition of the term 'water course' which I have.
found, is that given by Dixon, C. J., in *Hoyt v. City of
Hudson* (27 Wis. 661), 'there must be a stream usually
flowing in a particular direction, though it need not flow
continually. It must flow in a definite channel, having a
bed, sides, or banks, and usually discharge itself into some
other stream, or other body of water. It must be some-
thing more than a mere surface drainage over the entire
face of a tract of land, occasioned by unusual or other
extraordinary causes. It does not include the water
flowing in the hollows or ravines in land, which is the
mere surface water from rain or melting snow, and is dis-
charged through them from a higher to a lower level,
but which at other times are destitute of water. Such
hollows or ravines are not in the legal contemplation
water courses.' "

In accordance with this definition, those sloughs or
swales were not water courses as to the water flowing
therein, supplied by rains or melting snows. Nor do we
think those sloughs or swales were water courses as to the
"water flowing over the country, which had escaped
from the banks or natural channel of a running stream
of water." If, as to the former water, they were not
water courses, then, as to the latter water, they were not
water courses. The same rule applies to both kinds of
water. If the former water was surface water, then the
latter water was surface water. "The same rule would
apply to water flowing over the country, which had
escaped from the banks or natural channel of a running
stream of water, by reason of a flood in the stream
occasioned by heavy rains or the melting of snow upon
the surrounding country." *McCormick v. R. R. Co.*,
57 Mo. 438.

The water in this case was surface water. And the
facts alleged in the petition, and established by proof,
did not constitute a cause of action. "So it follows that
plaintiffs could not recover any damage resulting from
the accumulation of mere surface water running from

their land." *Benson v. R. R. Co., supra; Abbott v. R. R. Co.*, 83 Mo. 271.

In this case there was neither alleged nor proved any negligence or carelessness in the construction of the defendant's railroad bed, trestles, and track, so as to bring it within the exception made in the case of *McCormick v. R. R. Co.* (57 Mo. 438).

The judgment of the circuit court is reversed and the cause is remanded. All concur.