WILLIAM MARTIN, Respondent, v. JOSEPH BENOIST, Appellant.

Kansas City Court of Appeals, January 5, 1886.

1. DAMAGES—NEGLIGENCE—SURFACE WATER.—Surface water is a common enemy under the *common law* doctrine, which each land owner may fight and drive from his land. But a land owner may not dig a cellar, and after the surface water has partially filled the cellar, discharge the water thus collected into the adjoining house of another by means of an open tunnel dug from the cellar to the adjoining house without properly filling the same. And this is negligence, if the tunnel was *negligently* filled ; and he is just as liable as if he had not had the tunnel filled at all.

2. —— REVIEW OF CASES IN THIS STATE.—The judicial history of the doctrine, applicable to surface water in this state, reviewed.

3. PRINCIPAL AND AGENT—LIABILITY.—For a *misfeasance* done by an agent, in the line of his agency, both the principal and agent are liable.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Affirmed.*

Statement of case by the court.

This action was begun before a justice of the peace against Joseph Benoist and William Keene upon the following statement:

"The plaintiff states that on the —— day of June, 1883, he was tenant, and occupier as such, of house number ——, Missouri avenue, Kansas City, Missouri; that defendant, Benoist, was at the time before named owner of said house, and also of the land adjoining, east, upon which he and his co-defendant were building a foundation for the erection of a house; that defendant undertook to and did locate a sewer leading from said foundation to and connecting with a sewer under the said house so occupied by plaintiff, which last named sewer connected with a main on the street; that said defendant negligently and carelessly permitted the water from the street, when rains fell in said month, to run into and fill said foundation, and so negligently and carelessly constructed said sewer connection that the floods from said foundation, so filled as aforesaid, percolated through the opening made for said sewer connection, and filled the house of plaintiff to a depth of about three feet, thereby injuring and damaging the house and his property and goods to the amount of one hundred dollars. An account of the goods so injured is hereto attached."

In the circuit court, to which the case was taken on appeal, the plaintiff dismissed as to Keene.

The sewer named in the statement was a pipe-sewer. Malvina Blanchard owned the house, the lower story

of which plaintiff occupied. Malvina Blanchard also owned a lot adjacent to plaintiff's house on the east. The defendant was the agent of Malvina Blanchard, and, as such, preparatory to the building of a house upon said lot had a cellar dug and a foundation built thereon. There was between the cellar thus dug and plaintiff's house a space of about eight feet. The cellar was dug and the foundation was built by parties under contract with defendant as such agent. In order to construct a pipe sewer from the cellar to a connection with a sewer under plaintiff's house, a tunnel was made by defendant through the eight feet of earth separating the cellar from the said house. The sewer-pipe was laid through said tunnel and connected, by piercing the foundation of plaintiff's house, with the sewer thereunder, by an experienced plumber under contract with defendant. There was no evidence tending to show any carelessness or negligence in the digging of the cellar, the building of the foundation, or the laying of the sewer-pipe, or the connecting of it with the sewer under the plaintiff's house.

The plaintiff's evidence tended to show that the defendant caused the tunnel to be filled with loose and imperfectly packed dirt. The defendant's evidence tended to show that "after the sewer was laid, defendant ordered the men to fill up said opening (the tunnel) with earth and to tramp it in as solidly as possible, and defendant and others saw that the men did so."

The plaintiff introduced evidence tending to show that in the latter part of July, 1883, a very heavy rain fell, partially filling the cellar dug on the adjacent lot, and that the water made its way from the cellar through the tunnel, percolating through the loosely packed dirt, under and into the plaintiff's house, reaching therein the depth of about three feet, causing the injury complained of.

The plaintiff, against defendant's objection, was permitted to testify that plaintiff and defendant went to Mr. Moore's office, where defendant consented to be sued along with Wm. Keene; and that defendant had said in

testimony before Justice Teasdale that he was responsible for the damage done.

MILTON CAMPBELL, for the appellant.

I. The facts stated constituted no cause of action, and it was error for the court to admit any evidence to go to the jury under such a statement. See section 2852, Rev. Stat; compare section 3511, Rev. Stat. ; *Biddle v. Boyer*, 13 Mo. 532 ; *Scott v. Robards*, 67 Mo. 289.

II. It was error to admit in evidence defendant's statement of consent to be sued and of acknowledging in the trial before the justice that he was responsible for the damage done. They did not tend to prove the facts stated as ground of action; they were irrelevant to the issue, and were merely prejudicial. *State v. Rothschild*, 68 Mo. 52 ; *Kenny v. R. R.*, 70 Mo. 243 ; *Hicks v. R. R.*, 68 Mo. 329.

III. It was error to overrule defendant's demurrer to plaintiff's testimony. Nothing tending to prove defendant's ownership of lot, or any lease from defendant to plaintiff, or any right of plaintiff in the land damaged, or any negligence in the construction of sewer, appeared in testimony.

IV. It was error to refuse the first five instructions asked by defendant. The jury were misdirected at every point. The assumptions in the instructions given are unfounded. Story on Agency, sect. 308–313 ; *Henshaw v. Noble*, 7 Ohio St. 231 ; *Harriman v. Stowe*, 57 Mo. 93 ; Kent's Com. (10 Ed.) 878, note.

V. It was error to instruct the jury as the court did of its own motion. These instructions declare that an agent is liable for mere negligence to third parties and they assume as true, propositions which are not true, and which are for the jury alone. *Glasgow v. Lindell heirs*, 50 Mo. 60 ; *Ins. Co. v. Seminary*, 52 Mo. 48.

BOGGESS & MOORE, for the respondent.

I. No person, whether landlord, agent or stranger, has the right so to obstruct the flow of surface water,

collect and hold it under his control, and then suffer it to escape into his neighbor's building, without being guilty of a wrong and liable for all injury done thereby. The complaint states a good cause of action. Taylor's Landlord and Tenant (7 Ed.) sect. 174, and citations. Cooley on Torts, 326; Wharton on Negligence, sect. 792; *Bryant v. Sparrow*, 62 Mo. 546; *Priest v. Nichols*, 116 Mass. 401; *Harriman v. Stowe*, 57 Mo. 93; *Lottman v. Barnett*, 61 Mo. 168; *Benson v. R. R.*, 78 Mo. 504.

II. The issue of facts was properly submitted to the jury. The evidence admitted was competent, including the *admissions* of defendant, and together supported the issues on the side of plaintiff and involved in the case.

III. The five instructions asked by defendant were properly refused. They were inconsistent with themselves, inconsistent with other instructions given for defendant, inconsistent with those given by the court of its own motion, and they were not properly predicated of the evidence in the case. Besides, those given by the court of its own motion, properly declared the law, and were as favorable to defendant as he was entitled to ask them. *State ex rel. v. Smith*, 31 Mo. 566; *Pond v. Wyman*, 15 Mo. 175.

IV. The case was fairly submitted to the jury under proper instructions, the finding was for the right party and the verdict ought not to be disturbed. *Hedecker v. Ganzhorn*, 50 Mo. 154; *Jackson v. Magruder*, 57 Mo. 55; *Bradford v. Floyd*, 80 Mo. 207.

## I.

HALL, J.—The defendant contends that the petition does not state a cause of action, and that the facts of this case as stated by us do not constitute a cause of action. Eliminate from the petition all the averments concerning the ownership by defendant of plaintiff's house and the adjacent lot, and concerning the relation of tenant and landlord existing between plaintiff and defendant, as surplusage, as we have eliminated the

evidence in support of those averments from our statement of the facts of this case, and let us consider this case, as to the petition and the facts, as if the petition did not contain such averments, and as if there had been no evidence in support thereof. In so doing we shall but yield to defendant's contention, which is that the petition does not allege and the evidence did not tend to show that the plaintiff was the defendant's tenant.

Now, then, with the elimination made, does the petition state a cause of action? Do the facts of this case constitute a cause of action in favor of plaintiff?

The most favorable view, to the defendant, to take of this case, is that it rests upon the principle of law applicable to surface water. We shall determine this case, then, with reference wholly to that principle.

We find that there was no negligence in the digging of the cellar. There was no negligence committed by defendant or any one else by reason of which the surface water ran into the cellar. The defendant had the cellar dug as he had the right to do. After having done so, without fault on his part, the surface water ran into the cellar, partially filling it. Had the defendant the right to empty the water, thus collected in the cellar, by means of the tunnel into the plaintiff's house? Substantially this very question was decided by the supreme court of this state in the case of *McCormick v. R. R.* (57 Mo. 433), in the negative. In that case, Judge Vories delivering the opinion, it was said, after first having stated the general rule of the common law: "In the present case the plaintiff complains that the defendant had so constructed its road that the embankment made therefor had collected a large body of surface and overflowed water on the east side of the road bed where the same adjoined the land of the plaintiff; and that after said water had been so collected in a large body or pond, the defendant negligently and maliciously cut an artificial channel from said body of water through the embankment of its road bed, and drained all of said large body of water onto plaintiff's land, by which plaintiff was damaged, etc.

"The first instruction asked by plaintiff told the jury in effect, that if the defendant did this act charged in the petition, the plaintiff had a right to recover. We think this instruction ought to have been given. While the defendant had a right to drain the surface water from its road bed, so as to protect the same for continued and profitable use, it should have been done in a reasonable manner with reference to the rights of others. * * * The jury are told by the first instruction given by the court at the instance of the defendant, that the act of the defendant in making the culvert and turning the body of water on the land of the plaintiff must have been done by the defendant maliciously and for the sole purpose of maliciously injuring plaintiff, in order to a recovery on the part of plaintiff. I cannot see upon what principle the doctrine contained in this instruction can be upheld. If the act was unlawful and negligent, or reckless, it certainly makes no difference whether it was maliciously done, or what object the defendant had in view, except as to the amount of damages."

Upon a subsequent appeal of that case to the supreme court, by that court, Napton, J., delivering the opinion, the former opinion by Judge Vories was extended so as to declare in force in this state the doctrine of the civil law with reference to surface water. From Judge Napton's opinion, Judge Hough dissented, holding and maintaining in his dissenting opinion, that the doctrine of the common law upon that subject was in full force in this state. *McCormick v. R. R.*, 70 Mo. 360. In his dissenting opinion Judge Hough declared in favor of the correctness of the views of Judge Vories, expressed in the abstract of his opinion copied herein, as being in accordance with the common law doctrine. In the subsequent case of *Shane v. R. R. Co.* (71 Mo. 237), the supreme court, by Napton, J., reaffirmed the doctrine of the civil law upon the subject. From that opinion Judge Hough dissented and delivered a separate opinion. In his opinion Judge Hough said: "I adhere to the opinion of this court in *McCormick v. R. R. Co.* (57 Mo. 433), the

doctrine of which I conceive to be at variance with the rule adopted by my associates in this case." In the case of *Abbott v. R. R.* (83 Mo. 271), the supreme court has overruled the opinions by Judge Napton, and has declared that the doctrine of the common law upon this subject is the correct doctrine and is in force in this state. In this latter case the supreme court expressly overruled the case of *McCormick v. R. R. Co.* (70 Mo. 360), and held that the judgment in that case should have been affirmed instead of having been reversed; and also expressly declared against the doctrine of the civil law announced in the case of *Shane v. R. R. Co., supra*, and stated that the judgment in the latter case might have been correct, on account of the facts of the case, in accordance with the common law doctrine. A careful study of the opinion in the *Abbott case* has left no doubt in our minds as to the intention of the supreme court not to overrule the opinion of Judge Vories in the case of *McCormick v. R. R. Co.* (57 Mo. 433). The supreme court in the *Abbott case* expressly overruled all that it intended to overrule. And besides Judge Hough concurred in the opinion in the *Abbott case* in the following language: "I adhere to the views expressed by me in my dissenting opinion in the case of *Shane v. The Kansas City, St. Joseph & Council Bluffs Railroad Co.* (71 Mo. 253), which, I think, are approved by the foregoing opinion," showing very clearly that he did not understand Judge Vories' opinion to be at all shaken or impaired by the opinion of the court in which he thus concurred. For it will be remembered that in his dissenting opinion in the *Shane case*, he said: "I adhere to the opinion of this court in *McCormick v. R. R. Co.* (57 Mo. 433), etc." We are all of the opinion that the principle enunciated by Judge Vories remains the law in this state, supported as it is by reason and justice, unaffected and unchanged by subsequent decisions of our supreme court.

Surface water is a common enemy, under the com-

mon law doctrine, which each land owner may fight and drive from his land. But a land owner may not dig a cellar, and, after the surface water has partially filled the cellar, discharge the water thus collected, into the adjoining house of another by means of an open tunnel dug from the cellar to the adjoining house. Of the correctness of this proposition, under Judge Vories' opinion, there can be no doubt. If the defendant, as alleged in the petition and as the evidence tended to show, had the tunnel dug from the cellar to the plaintiff's adjoining house, and then had the tunnel filled with loose dirt so that the water from the cellar percolated through the loose dirt into plaintiff's house, the defendant was negligent, and was just as liable as he would have been if he had not had the tunnel filled at all. If it was the duty of the defendant to fill the tunnel it was his duty to properly do so. If the defendant would have been liable had the tunnel not been filled at all, he was liable if the tunnel was negligently filled.

We hold that under the facts alleged in the petition, to prove which the evidence tended, the defendant was liable under the doctrine of the common law as to surface water. The fact that the defendant was the agent of Malvina Blanchard in the digging and the filling of the tunnel does not alter the case, or affect his liability. His act was not a mere *non-feasance.* His act was a *misfeasance.* For a *misfeasance,* done by an agent in the line of his agency, both the principal and agent are liable. *Harriman et al. v. Stowe.* 57 Mo. 99 ; *Lottman v. Barnett,* 62 Mo. 168 ; *Bell v. Josselyn,* 3 Gray 309.

Whether the defendant was, or was not, the plaintiff's landlord, it matters not. If he was such landlord his act was wrongful. If he was not such landlord, but was a stranger, his act was still wrongful.

By the petition the plaintiff's cause of action is based upon the negligent filling of the tunnel. The evidence tended to establish the alleged negligence. Upon said negligence the plaintiff's right to recover was predicated in the instructions given by the court to the jury.

The jury found that the defendant was guilty of said negligence. The plaintiff's instructions erroneously confined his right to a recovery to the fact that the defendant was plaintiff's landlord, or was estopped from denying that he was such landlord. This was an error against plaintiff. By the error defendant was not injured. On account of that error we shall not, therefore, disturb the judgment. The instructions, asked by defendant, which were refused by the court, were properly refused as being contrary either to the law or the facts of this case as stated by us in this opinion.

## II.

It is difficult to see the importance or relevancy of the testimony of plaintiff introduced against the defendant's objection. But if the evidence had any tendency it was to establish the fact that the defendant was in charge of the digging and filling of the tunnel in which work he was charged with negligence. That the defendant was in charge of the filling of the tunnel the evidence introduced by defendant tended to show. The testimony was perhaps irrelevant, but we cannot perceive in what way the defendant could have been prejudiced by it.

The judgment is affirmed.