ORREN L. JOHNSON, Respondent, v. WILLIAM H. LEAZENBY, Appellant.

Kansas City Court of Appeals, November 10, 1919.

1. **SURFACE WATER:** Adjoining Proprietors: Embankment: Damage To Crops. One of two adjoining landowners may construct an embankment on his land near the dividing line to protect his land from surface water flowing from the other's land, without rendering himself liable in damages for destruction of the other's crops caused by back water.

2. **RECKLESSNESS:** Negligence: Damages. One of two adjoining landowners having a right to construct an embankment on his own land, near the dividing line to protect it from surface water is not guilty of negligence or recklessness, even though the embankment causes the water to back over the others fields and destroy his crop.

Appeal from Harrison Circuit Court.—*Hon. C. W. Wanamaker, Judge.*

REVERSED.

*A. S. Cumming* and *J. W. Peery* for appellant.

*Garland Wilson* and *J. C. Wilson* for respondent.

ELLISON, P. J.—Plaintiff and defendant each own eighty acres of land. These tracts adjoin. This action was instituted to recover damages alleged to have accrued to plaintiff by defendant erecting an embankment on his own land near the line dividing the two tracts, so that it obstructed the flow of surface water off of plaintiff's land onto defendant's, causing such water to back up over plaintiff's land and destroy his crops. The judgment in the trial court was for plaintiff.

It is charged in the petition that the topography of the land belonging to these parties was such that the surface water falling upon, or coming upon plaintiff's would naturally flow off of it onto the tract owned by defendant, and that defendant recklessly erected and maintained the embankment, dike or dam on his own tract near the dividing line between the two owners, so that it obstructed the flow of the surface water just mentioned, preventing it from going upon or over defendant's premises and causing it to back upon plaintiff's tract and destroy his crops, consisting of wheat, corn and hay.

At the close of the evidence defendant offered a peremptory instruction that the jury return a verdict for him. It was refused by the trial court. The effect of the theory whereby plaintiff seeks to justify his recovery is, that while an owner of land may protect it from surface water coming from adjoining lands by embankments yet he must not do so in a "reckless" manner. The theory of defendant, sought to be applied by his peremptory instruction, is that he had an absolute commonlaw right to protect his own premises from

surface water coming from plaintiff's land. We do not understand it to a part of his contention that in embanking against such surface water he may do so in a reckless manner; or that he may gather surface water in a body and discharge it on his neighbor. Confined to words only, plaintiff's theory recognizes defendant's right to protect his premises from surface water, provided he does not do it recklessly; but in applying this theory he destroys such right by insisting that if the effect of the embankment is to cause the water which formerly flowed over defendant's land to spread over plaintiff's land, the building of the embankment was a reckless act. In other words, plaintiff's position comes to this; that defendant has a right to dam against surface water coming off of plaintiff's land, but if he exercises such right it is a reckless act for which he may be enjoined or required to pay damages. A right becoming a wrong if exercised is a right denied, and, of course, is a worthless thing.

The right to fight surface water by embanking against it may be exercised regardless of whether the act causes damages to adjoining proprietors. In Goll v. Railroad, 271 Mo. 655, 665 (which case really controls this), the following quotation from Angell on Watercourses is stated to be the law: "A coterminous proprietor may change the situation or surface of his land by raising or filling it to a higher grade, by the construction of dikes the erection of structures, or by other improvements which cause water to accumulate from natural causes on adjacent land and prevent it from passing off over the surface. Such consequences are the necessary result of the lawful appropriation of land whatever may be its nature, and although they may cause detriment and loss to others."

In Beauchamp v. Taylor, 132 Mo. App. 92, 96, the St. Louis Court of Appeals, through BLAND, J., quoted from McCormick v. Railroad, 57 Mo. 437, that "persons may so occupy and improve their land, and use it for such purposes as they may see fit, either by grading or

filling up low places, or by erecting buildings thereon, or by making any other improvement thereon to make it fit for cultivation or other profitable or desirable enjoyment; and it makes no difference that the effect of such improvement is to change the flow of the surface water accumulating or falling on the surrounding country, so as to either increase or diminish the quantity of such water, which had previously flowed upon the land of the adjoining proprietors to their inconvenience or injury.''

There is no evidence to show that the embankment was unnecessary. In fact, plaintiff's petition and case made at the trial, show surface water formerly flowed off of plaintiff's land across defendant's and that the embankment stopped this flow. Nor was there any evidence to show any negligence or recklessness in the manner of construction. In Goll v. Railroad, supra, the Supreme Court said that ''It has been said that one proprietor cannot collect the surface water on his premises and turn it in a stream onto his neighbor's land. But it has never been held to be negligence or unskillfulness at common law for one proprietor to embank against surface water flowing onto his land from the adjoining land, but, on the contrary, his right to so protect himself has been uniformly vindicated by that law.''

It will not be necessary to comment on cases cited by plaintiff, since rightly construed they are not opposed to the views we have stated but if they were we would be governed by the Goll case as the latest utterance by the Supreme Court.

Defendant's peremptory instruction should have been given. The judgment should be reversed. All concur.