————o————

JOHN HOSHER, Appellant, *vs.* THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, Respondent.

1. *Railroad—Location on land not ceded—License for—Road not trespasser, when.* —Where a railroad is located on land other than that granted, but with the knowledge of the owner who makes no objection, but declares his intention to claim damages, the company cannot be held as a trespasser or wrong doer.

2. *Railroads—Damages caused by surface water—By diversion of watercourse —Rule as to company's liability.*—Where damages caused by the construction of a railroad, result from the flooding of surface water, and not the diversion of a natural stream or water course, the company will not be liable, if, in such construction, the company is reasonably prudent and careful to avoid injury. (Munkers vs. Kansas City, St. Joseph & Council Bluffs R. R. Co., *post* p. 334.)

*Appeal from Nodaway Circuit Court.*

*William Heren,* for Appellant.

I. By the instructions given for respondent, the court says that if a railroad cuts its ditches and makes its embankments with reasonable skill, it may collect surface water for a mile or more, direct it from its usual course and flowage, open a water gap or sluice, and overflow a man's land and ruin his crops, and not be liable, because the water, with which he does it, is surface water, collected in ditches skillfully made for that purpose. Such cannot be the law. (See McCormick vs. K. C., St. Jo. & C. B. R. R. Co., 57 Mo., 433; Ang. Wat. Cours., 130, § 108; 136, § 108; Wapple vs. N. Y. Central R. R. Co., 58 Barb., 413; Clark's Adm'x vs. Hann. & St. Jo. R. R. Co., 36 Mo., 223.)

*Willard P. Hall,* for Respondent, cited Jones vs. Hannovan, 55 Mo., 465; McCormick vs. K. C., St. Jo. & C. B. R. R. Co., 57 Mo., 433; Johnson vs. Lewis, 13 Conn., 306; Pillsbury vs. Moore, 44 Mo., 154; Plumer vs. Harper, 3 N. H., 88; Ang. Wat., § 403; Douglass vs. Stephens, 18 Mo., 362; Waters vs. Brown, 44 Mo., 303; 19 U. S. Digest 506, § 20.

WAGNER, Judge, delivered the opinion of the court.

The petition in this case stated that the defendant was the successor of the Missouri Valley Railroad, and that the latter company wrongfully entered upon the lands of the plaintiff, and built and constructed its road bed, and did the same in a negligent unskilful and improper manner; that it threw up embankments and failed to open proper and sufficient culverts and openings, at proper places, whereby plaintiff's land was overflowed to his damage, etc.

The answer of the defendant denied all the material allegations in the petition, and also set up a written and verbal license from the plaintiff, to enter upon the land and construct the road.

Evidence was introduced tending to prove the allegations in the petition, and also tending to establish the facts set up in the answer, and that ·the works and embankment of the road were a benefit to the plaintiff instead of an injury.

The cause was tried before the court with a jury, and there was a verdict and judgment for the defendant.

For error, the appellant relies mainly, in this court, on the refusal to give his fourth and fifth instructions, and the giving of the sixth instruction by the Circuit Court of its own motion.

The fourth instruction refused merely declared, that if defendant's road-bed was constructed in an unskilful, negligent and improper manner, and that in consequence thereof plaintiff's land was overflowed, then, he was entitled to a verdict for damages.

The court had just given the three preceding instructions asked for by the plaintiff, and they in substance told the jury that if the company in the building of its road, by throwing up embankments or otherwise, diverted a stream from its natural channel, or turned it so that it overflowed plaintiff's land, then defendant was liable for damages.

·And the further proposition was asserted, that it was not necessary that the stream or branch should be a living one, or one constantly running with water, but it was sufficient if the water ran in it a part of the year, and was made up from the running of surface water.

The jury from their verdict found that there was no turning or diversion of a stream of water, or changing the natural flow, after it had reached an accustomed bed. This was the allegation in the petition, and its existence was negatived by the verdict, and so there could have been no question of negligence on the subject.

The fifth instruction refused was predicated on a different hypothesis. It asserted that if the company built its road on

plaintiff's land without procuring the right of way, or having the right of way condemned under the provisions of the statute, then the defendant was liable to the plaintiff for all damages caused by the overflowing of his land, in consequence of the building and construction of the road; and it made no difference whether the overflowage was caused by the diversion of streams or branches, or the collection of surface water.

In lieu of the above, the court gave a declaration, that if it was found from the evidence that the plaintiff gave the company the right of way, or permission to build the road over his land, at a certain place, such right of way would not authorize the company to build the road any where else over his land; but if the company built the road elsewhere with the knowledge of the plaintiff and without any objection from him, the plaintiff stating to the agents of the company that he would make the company pay for the land, the company, under such circumstances, would not be a wrong doer, but would have the right to construct its road-bed in the usual and proper manner, by throwing up and raising the ground for the way-bed, and cutting ditches along the side to keep the water off from the track of the road. And if it was found that the company made its road-bed and ditches with reasonable skill, and the plaintiff was incidentally injured thereby, by the flow of surface water on his land, he could not recover for an injury caused by the collection of such surface water; but, if, in the construction of the road-bed and ditch, the company diverted the water of a stream or watercourse from its usual channel or course, and caused it to flow on plaintiff's land, thereby rendering the same less useful for cultivation, then the verdict should be for the plaintiff.

There was evidence submitted on the trial, going to show that plaintiff had granted the right of way to the company in writing, to build its road on the land, and there was further evidence, showing that the road was located and built on a different part of the land from that granted—and that the plaintiff knew of the same and made no objection, but said that he should demand damages.

The jury obviously found that the road was constructed under the license of the plaintiff, and that the company was not a trespasser or wrong doer, and that the water which occasioned the injury complained of, resulted from surface water and not the diversion or turning of a stream or bed in a branch.

The law applicable to the gathering and turning off of surface water, then, must govern the case. It is, unquestionably, true, that no man has a right to ameliorate his estate to the detriment of another's; no person should be allowed to make his property more valuable by making his neighbor's less valuable. No person would have the right to protect himself from a natural stream by throwing it on the lands of another, or, on the ground of self protection, to prevent the waters of floods and freshets from flowing where they are accustomed to flow.

But in the case of surface water, which is regarded as a common enemy, he is at liberty to guard against it, or divert it from his premises, provided he exercises reasonable care and prudence in accomplishing that object. In the language of this court in a recent case, where this subject was carefully considered, the owner of the dominant or superior heritage "must improve and use his own lands in a reasonable way, and in so doing he may turn the course of, and protect his own land from, the surface water flowing thereon; and he will not be liable for any incidental injury occasioned to others by the changed course in which the water may naturally flow, and for its increase upon the land of others. Each proprietor, in such case, is left to protect his own lands against the common enemy of all." (McCormick vs. K. C., St. Jo. & C. B. R. R., 57 Mo., 433; Peter Imler vs. City of Springfield, 55 Mo., 119; Jones vs. Hannovan, Id., 462.)

The instruction enunciates the very doctrine laid down by this court in the case cited, and was drawn up in conformity with it.

As we have failed to find any error in the declarations, the judgment must be affirmed; the other judges concurring.