<hr />

## St. L., I. M. & S. Ry. v. Harris.

RAILROADS:   *Right of way;   Change of water-courses.*
    A grant of a right of way to a railroad company, with the right "to change water-courses," does not authorize the company to divert streams from other lands upon the land of the grantor, to his injury.

APPEAL from *Poinsett* Circuit Court.

Hon. M. T. SANDERS, Circuit Judge, on exchange with Hon. W. H. CATE.

*Dodge & Johnson* for Appellant.

This case, in some of its features, is like *St. L., I. M. & S. Ry. v. Walbrink, ante, p. 330.*   See our brief in that case.

The gravamen of the complaint is the faulty construction of the road, and damage from changing the course of creeks in an unskillful manner.   There was no evidence to prove this.

The first instruction of the court was misleading.   All the others, in effect, told the jury they could not find for plaintiff, unless the work was done unskillfully and improperly.

The verdict was against the law and the evidence.

*E. F. Brown* for Appellee.

We concede the right of appellant to enter upon appellee's

land, and to erect its road-bed thereon in a proper and skillful manner, and to use the right of way for that purpose; but complain because it failed to do it, and show the unskillful manner in which it turned the several creeks on its right of way to the middle of appellee's farm, where, through a culvert, it passed the water safely over its said right of way, where it unbridled it, and turned it loose, to scatter its deposits over forty acres of tillable land, by reason of which appellee lost his crop for the years 1882 and 1883; and that the land was thereby rendered valueless. See *77 Ill.; 194; 28 N. H., 438; Am. Law Reg., N. S., vol. 3, p. 323; Wash. on Ease., 375; 35 Ark., 622; 5 Am. Ry. Cases, 53.*

COCKRILL, C. J.    The appellee is the owner of a tract of land in Poinsett county, through which a branch of appellant's railroad has been constructed.    Before the road was built his land was dry and tillable, but the road-bed diverted the waters of England creek, which had previously flowed in a westerly direction south of his land, from their natural channel, turned them into a ditch made in constructing the road-bed on the east side of the track, where they were confined until they reached a point about the middle of the appellee's field, when the current was turned west again through a culvert in the road-bed, and the waters permitted to flow over the appellee's land west of the track, without a channel sufficient to confine them.    Two creeks on the north of the land were also deflected from their regular course, and by turning them south through a continuation of this same ditch when they reached the road-bed north of this land, they were made to empty into England creek on the appellee's premises, thus making that part of his land west of the road the common reservoir for the three creeks to pour their floods into.    None of this water ran upon his land until the road was built.    The result is that only about one-half of the tract west of the railroad can be cultivated,

1. RAILROADS: Right of way. Diversion of water courses.

and nearly all of it is subject to overflow and has been damaged· by a deposit of clay left by the water.

For this injury the appellee recovered judgment against the company in the sum of $475, and the company has appealed to reverse it.

The defense interposed by the answer was that the right of way over the lands had been granted to the company by the appellee, by and before the road was built, and that the road had been constructed with care and skill.

No effort was made to show a necessity for so constructing the road-bed as to turn the currents of the England and other creeks over the appellee's land, but the company sought to justify its conduct under the appellee's deed for the location of the road, granting among others "the right of changing water-courses and taking water."

While the grant of the right of way to the railroad carried with it a license to do all that was necessary for its proper construction, the company remained liable, nevertheless, for any proximate injury that resulted to the grantor from the want of care or skill in· whatever work it undertook in order to effect the construction.    Injuries done in the construction of the road, for which the grantor in such a case is precluded from recovering, are those to which he has expressly assented, or is presumed to have assented, in the execution of his grant.    *St. L., I. M. & S. Ry. v. Walbrink, ante, p. 330.*

The proof showed, in this case, that it became necessary for the appellee to go a mile out of his way to cross the road-bed on his own land, but the circuit court, by timely action cut him off from the possibility of recovering for this inconvenience, because his deed to the railroad in terms charged him with the duty of constructing crossings.    But there is nothing in the deed, or in the nature of the grant, from which it can be inferred that it was intended thereby to give the company the

right to flood the appellee's farm with the waters of one or more running streams, which at the time of its execution did not touch the land. There is nothing in it to preclude the natural presumption that the company, in constructing its road, would not change the customary flow of streams from other lands so as to empty their unconfined waters upon that of the appellee; or that if the water should be carried across his land, the company would in the first instance do all that was necessary to prevent an inundation of his premises. *St. L., I. M. & S. Ry. v. Morris, 35 Ark., 622; L. R. & Ft. S. Ry. v. Chapman, 39 Ib., 463; Jacksonville, etc., R. R. v. Cox, 91 Ill., 500; Hosher v. K. C., St. Jo. & C. B. Ry. 60 Mo., 329.*

If the beds of the streams had been located on the appellee's lands before the road was constructed, and an attempt had been made "to change the water-courses," as the deed has it, it would have been incumbent on the company to perform this work so as to inflict no unnecessary injury upon the appellee, (*cases supra*); and if the right of the company to bring the streams from the lands of others on to the lands of the appellee be conceded, the duty remained upon it of so enjoying that privilege as not to injure the appellee more than would be required in providing a proper channel for the water through his premises. This channel was not provided, and the want of it was culpable negligence on the part of the company. The trial court did no more, in the instructions to the jury complained of here, than to announce these rules.

Other elements of damage were claimed by the appellee, but the court excluded them from the jury without suffering the appellant to be prejudiced thereby.

The record does not present to our consideration the question of the proper measure of damages. That adopted by the court and given to the jury was acquiesced in by the appellant on the trial, and it is now too late for a question to be made

upon it.   The amount awarded is within the range of the testimony, and moreover, was not questioned by the motion for a new trial.

Let the judgment be affirmed.