ROBERT H. TINKER

*v.*

THE CITY OF ROCKFORD.

*Filed at Ottawa March 30, 1891.*

1. EMINENT DOMAIN—*conveyance of land for right of way, as a release of damages for use of the grant.* A deed of land to a railway company, for the location of right of way and tracks, will be a license to the company to do what is lawful in the construction and management of its road, to the same extent and with like effect as if the land had

been acquired by condemnation; and any damages resulting to the grantor from the full enjoyment of all that was intended by the grant will be presumed to have been compensated by the consideration paid for the property.

2. Use of streets—*for railroad purposes—injury to adjacent owners —liability of municipality.* The erection of an embankment, and the laying of a railroad track thereon, is the work of the railway company; but when a city authorizes the building of a viaduct in a street by the railway company, for the purpose of crossing the embankment, the city will become responsible for the act of constructing such viaduct, whatever may be its contract with the railway company.

3. The owner of a city lot conveyed a part thereof, which was remote from the street, to a railway company, for the purpose of making an embankment thereon. The embankment made it necessary for the city to make a viaduct along the street, and the same was constructed by the railway company, with the permission of the city, whereby access to the grantor's remaining part of the lot was prevented: *Held,* that the city was liable to such lot owner for the damages thereby caused to his property, and that his deed to the railway company was no release of his claim for damages.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. James H. Cartwright, Judge, presiding.

Mr. N. C. Warner, for the appellant:

If the railroad company acquired anything, it was a parol license to go upon the lands of the city and erect thereon a structure injurious to the rights of appellant in the same lands. This would constitute no valid grant of the easement appellant then enjoyed over the land of the city. The license would remain a mere license, and therefore capable of being revoked. On the other hand, if the license was granted by the deed appellant and wife gave the railroad company, the question is purely one of construction of the deed,—whether it contains an express conveyance, or the right to impair and partially destroy an easement the grantor then had and enjoyed over the city streets. If it does contain such conveyance of such

right, the license would then be irrevocable. *Wood* v. *Leadbitter*, 13 M. & W. 838.

The fact such license had been paid for would make it none the less revocable. *Nat. Stock Yards* v. *Ferry Co.* 112 Ill. 390; *Hewlings* v. *Shipman*, 5 B. & C. 221; 11 Eng. Com. L. 207.

The consideration is expressed in the deed to have been paid for the land conveyed, and there is no pretense for saying that part of it was paid for the privilege of projecting the viaduct in front of appellant's dwelling house, to his serious injury. *Eaton* v. *Railroad Co.* 51 N. H. 504; *Canal Co.* v. *Lee*, 22 Zabr. 248; *Stetson* v. *Railway Co.* 75 id. 74; *Story* v. *Railroad Co.* 90 N. Y. 122; *Lahr* v. *Railway Co.* 104 id. 268.

Messrs. Marshall & Taggart, for the appellee:

The damages sued for would have been embraced in the damages awarded in a condemnation suit. No action lies for obstruction of a street, except where the plaintiff has an appurtenant right therein. *East St. Louis* v. *O'Flynn*, 119 Ill. 200; *Chicago* v. *Building Association*, 102 id. 379; *Littler* v. *Lincoln*, 106 id. 353; *Railroad Co.* v. *Wiemer*, 16 Neb. 272.

The deed to the railway company for the location of its road included a license to do whatever was lawful in the construction and management of the road, to the same extent as if the land had been condemned. Pierce on Railroads, 133; 1 Rorer on Railroads, 324; *Norris* v. *Railroad Co.* 28 Vt. 99; *Rood* v. *Railroad Co.* 18 Barb. 80; *Conwell* v. *Railroad Co.* 81 Ill. 233; *Hortsman* v. *Railroad Co.* 18 B. Mon. 218; *Booth* v. *Railroad Co.* 51 Me. 318; *Ludlow* v. *Railroad Co.* 6 Lans. 128; *Hatch* v. *Railroad Co.* 25 Vt. 49; *Railroad Co.* v. *Cox*, 91 Ill. 500.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

The pleadings in this case are voluminous and prolix, but the substance may be stated thus: The action is case, and the cause of action alleged in the declaration is the permitting

by appellee of a railroad company to exclude access to a city lot of appellant, fronting on Winnebago street, the use of which street is appurtenant to the lot, by erecting in the street, so as to occupy it, in front of the lot, the approaches to a viaduct, for the travel on that street, over the track of the railway company. Appellee pleaded a grant by appellant of a part of the same lot to the railroad company, for a valuable consideration, for the purpose of erecting an embankment thereon to support the superstructure and railway track of that company in such a manner as to render the erection of the viaduct in Winnebago street indispensable. Appellant replied, denying that his grant to the railroad company was for the purpose alleged in the plea, setting out the deed *in hæc verba*, and averring that the grant was for no specific purpose, and that he had no knowledge, at or before the grant, of the intention to erect the viaduct in the street in front of his lot. The circuit court sustained a demurrer to the replication, and appellant refusing to reply over, gave judgment thereupon for appellee, and this judgment, on appeal to the Appellate Court for the Second District, was affirmed by the judgment of that court.

The deed from appellant to the railroad company does not assume to convey any part of or interest in Winnebago street, but, upon the contrary, the description therein of the property conveyed is by monuments, courses and distances, so as to include only property lying outside the street.

The contention of appellee is, and such were the rulings of the courts below, that all the damages to the part of appellant's lot not conveyed, caused, not only by the building of the embankment for the support of the superstructure and railway track, and the operating of trains thereon, but also all the damages thereto caused by the erection and maintaining of the viaduct in Winnebago street, in front of that lot, were included in the consideration paid him for his conveyance. So far as the damages caused by the building of the embankment for the support of the superstructure and railway track,

and the operating of trains thereon, are concerned, the contention is supported by *Chicago, Rock Island and Pacific Ry. Co.* v. *Smith,* 111 Ill. 363. The principle controlling in that case is stated in a quotation from the opinion in *Aiken* v. *Boardman,* 2 Metc. 463, as follows: "A grant being made for a valuable consideration, it shall be presumed that the grantor intended to convey, and the grantee expected to receive, the full benefit of it, and therefore that the grantor not only conveyed the thing specifically described, but all other things, so far as it was in his power to pass them, which were necessary to the enjoyment of the thing granted." The principle will also be found stated in 2 Blackstone's Com. 36, Shepard's Touchstone, 89, and 2 Washburn on Real Prop. (2d ed.) 662. And it was therefore held in the case referred to, that the deed of land for right of way for a railway company has the same effect, as between the parties, that a condemnation under the law of eminent domain, for that purpose, would have. But it must be obvious that this principle can have no application to anything not included within the grant,—as, for instance, to damages caused by acts done by the railroad company upon other lands than those to which the grant relates,—for, as between the grant and damages resulting from such acts, it is impossible that there can be the relation of cause and effect, and it has therefore been held that a release of all damages on account of the laying out or construction of a railroad through and over the land of the releasor does not cover damages occasioned to the releasor by the construction of the railroad over the land of other persons. *Eaton* v. *B. C. and M. R. R. Co.* 51 N. H. 504; *Delaware and Raritan Canal Co.* v. *Lee,* 2 Zabr. 243; *St. L., I. M. and S. Ry. Co.* v. *Harris,* 47 Ark. 340; Lewis on Eminent Domain, sec. 568; Mills on Eminent Domain, sec. 217.

The damages here sued for, instead of resulting from the building and operation of the railroad, resulted solely from an improvement in the street of the city, for the use of general

public travel along the street, and although it is made in compliance with a contract between the city and the railroad company, whereby the city gives the railroad company the right to cross the street, it is an entirely distinct and independent improvement from that of the railroad proper; and the damages are, moreover, in the main, if not entirely, of that character which, before the adoption of the present constitution, would, under the authority of *Moses* v. *Pittsburg, Ft. Wayne and Chicago Railroad Co.* 21 Ill. 516, *Roberts* v. *Chicago,* 26 id. 249, and *Murphy* v. *Chicago,* 29 id. 279, have been held *damnum absque injuria.* Their extent and effect could not have been known at the time of the grant, and they could not therefore have been then assessed by condemnation. (*Stetson* v. *Chicago,* 75 Ill. 74.) Nor could any condemnation proceeding solely for the strip of land granted have given any right to the railroad company to cross, much less to make a viaduct in, Winnebago street. That could only be given by the city, and subject to its future supervision and control. *Provision Co.* v. *Chicago,* 111 Ill. 658.

If the motion had been made to carry the demurrer back to the plea, it should have been sustained; but in our opinion it was error to sustain the demurrer to the replication, since it was a sufficient answer to the plea.

The judgments of the circuit and the Appellate courts are reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Judgment reversed.*