FRITZ W. GOTTENETROETER, Respondent, v. H. W.
KAPPLEMANN, Appellant.

### St. Louis Court of Appeals, February 27, 1900.

1  **Nuisance: SURFACE WATER.** The owner of land has a right
to protect his. land against the flow of surface water, either by di-
verting its course or obstructing it, provided the means adopted by
him are reasonable when considered in connection with the property
rights of plaintiff.

2.  ———: ———: COMMON LAW. As to surface water the com-
law rule prevails in this State, that is, such water is regarded as a
common enemy, and against which an owner of land may protect
himself, either by diverting its course on his own land, or by ob-
structing its flow thereon.

3.  ———: ———. But persons exercising this right to improve and
ameliorate the condition of their own land must exercise it in a
careful and prudent way.

Appeal from the Franklin Circuit Court.—*Hon. Rudolph
Hirzel*, Judge.

REVERSED AND REMANDED (*with instructions*).

*J. C. Kiskaddon* for appellant.

(1) It is essential to the existence of a watercourse that
there should be a well-defined bed or channel with banks.
If these characteristics are absent, there is no watercourse
within the meaning of the term; hence, natural depressions
in the land through which surface water from adjoining lands
nautrally flows, are not watercourses. 24 Am. & Eng. Ency.
of Law [1 Ed.], 898; Jones v. Railroad, 18 Mo. App. 256;
Benson v. Railroad, 79 Mo. 514. (2) Surface water is a
common enemy. The proprietor of the lower ground has a
right to repel that enemy coming onto his land from higher

ground, and in repelling it, if necessary, has a right to erect a solid embankment and back the water onto the higher ground. Jones v. Railroad, 18 Mo. App. 257; Benson v. Railroad, 79 Mo. 514; Abbott v. Railroad, 83 Mo. 271; Jones v. Railroad, 84 Mo. 151; Field v. Railroad, 21 Mo. App. 605.

*Jesse H. Schapen* for respondent.

*Obstructing Natural Flow Surface Water, When Nuisance.*—Where two fields adjoin and one is lower than the other, the lower must necessarily be physically subject to all the natural and accustomed flow of water from the upper one. The inconvenience arises from its position. Hence the owner of the lower ground has no right to erect an embankment whereby the natural flow of the water from the upper ground shall be entirely stopped, nor has the owner of the upper ground a right to collect into one channel water usually flowing off into his neighbor's field by several channels and thus increase the wash upon the lower fields. Martin v. Riddle, 26 Pa. St. 415; Gillham v. Railroad, 49 Ill. 487; Gormley v. Sanford, 52 Ill. 160; Kauffman v. Griesemer, 26 Pa. St. R. 408; Ogburn v. Connor, 46 Cal. 346. And of course it was an actionable nuisance for the defendant, in the case at bar, to construct and maintain as he did a dam across a natural water drain or slough, having a definite channel, through which rain and other surface water naturally collected and flowed over his premises from lands of plaintiff, thereby creating a nuisance on plaintiff's land, resulting in the destruction of plaintiff's wheat. Wood's Law of Nuisance (1 Ed.), secs. 378, 395, 396, 397, 398, 399.

BIGGS, J.—This is an action for damages for the creation and maintenance of a nuisance. The plaintiff and de-

fendant are adjacent proprietors. The defendant owns the lower or servient estate. There is a swag or swale extending from plaintiff's land through the defendant's farm. The surface water from plaintiff's farm was accustomed to flow through this swag, finally reaching a watercourse. At or near the point where the swag crosses the dividing line between the two farms the defendant erected an embankment, thereby obstructing the surface water flowing through the swag and throwing it back upon plaintiff's land. The plaintiff avers that the building of the dam was wrongful, and he sues for damages to his growing crops caused by the back-water. The action originated before a justice of the peace. There was a trial *de novo* in the circuit court before the judge sitting as a jury. At the conclusion of the evidence the court at the instance of the plaintiff gave the following declaration of law, of which the defendant complains, to wit:

"If the court, sitting as a jury, believes and finds from the evidence that defendant constructed a dam at the time and place as alleged in the complaint, and that such dam obstructed the natural flow of the surface water, and caused same to accumulate in a body or pond on plaintiff's premises whereby plaintiff's wheat then and there growing was over-flowed and destroyed, then the court will find for the plaintiff, and assess his damages at such sum as will compensate him for the loss of his wheat."

There was a judgment for plaintiff, from which the defendant has appealed.

To constitute the dam in question a nuisance, some property right of plaintiff must have been wrongfully violated by the building of it. Or, stating it differently, the dam must be an unreasonable or unlawful use of defendant's property to the detriment of plaintiff's land. Paddock v. Somes, 102 Mo. 226; George v. Railroad, 40 Mo. App. 433. Under the decisions in this state the defendant had the right to pro-

tect his land against the flow of surface water, either by diverting its course or obstructing it, provided the means adopted by him were reasonable when considered in connection with the property rights of the plaintiff. As to surface water the common-law rule prevails in this state, that is, such water is regarded as a common enemy, and against which an owner of land may protect himself, either by diverting its course on his own land, or by obstructing its flow thereon. Benson v. Railroad, 78 Mo. 504; Abbott v. Railroad, 83 Mo. 271; Mc-Cormick v. Railroad, 57 Mo. 433; Hosher v. Railroad, 60 Mo. 329; Jones v. Hannovan, 55 Mo. 462. It is manifest we ·think that plaintiff's instruction is erroneous. It declares the rule of the civil law.

In view of a retrial of the case we think a further expression of our views may not be out of place. The rule as to the obstruction or diversion of suface water, as declared in the foregoing cases, is subject to the qualification or limitation that the owner of land in the exercise of his right to improve his own estate, must have some regard for the interests of his neighbors. Thus the defendant could not so obstruct the surface water as to create a pond on plaintiff's land, which could not be drained through some other outlet at a reasonable expense to plaintiff. If the topography of the surrounding land is such as to produce this result, then the dam must be regarded as a nuisance. This is the doctrine of the cases. Thus in the Benson case, *supra*, it is said: "Mere surface water, that which does not run in any defined course or confined channel, is regarded as a common enemy, against which any landowner affected by it may fight. * * * But in doing so regard must be had to another recognized maxim: *sic utere tuo ut alienum non laedas.*" And in the Mc-Cormick case, *supra*, it was said: "But persons exercising this right to improve and ameliorate the condition of their own land must exercise it in a careful and prudent way."

And in Hosher v. Railroad, *supra*, the court declared "that the owner of the dominant or superior heritage must improve and use his own lands in a reasonable way, etc." The question of the character or effect of the improvement made by defendant was not gone into on the trial. In our opinion the liability of defendant in the action hinges on the fact that in the circumstances of the case the building of the dam was an unreasonable exercise by the defendant of a lawful right.

For the error in plaintiff's instruction, the judgment will be reversed and the cause remanded. All concur.