FRITZ W. GOTTENSTROETTER, Appellant, v. H. WM. KAPPLEMANN, Respondent.

St. Louis Court of Appeals, April 9, 1901.

Damages: DITCH TO CONVEY WATER: EVIDENCE. In the case at bar, in respect to the short ditch cut by defendant, the evidence is, that in times of high water it conveys water from a spring branch and discharges it on plaintiff's land, and that by reason of such dis-

charge he lost in 1899 and 1900, one and one-half to two acres of growing wheat; that but for the ditch the water would have been confined to the channel of the branch, and done no injury to plaintiff. And under this evidence the cutting, making and maintaining of the short ditch is a clear invasion of plaintiff's property rights, and defendant should be held to respond for damages occasioned by the unlawful structure.

Appeal from Franklin Circuit Court.—*Hon. J. W. Booth,* Judge.

REVERSED AND REMANDED.

## STATEMENT OF THE CASE.

Plaintiff owns and occupies one hundred acres of agricultural land in sections fifteen and sixteen, township forty-four, range three, west, in Franklin county. Defendant owns and occupies a like quantity of agricultural land north of and adjoining the lands of plaintiff. Plaintiff's is bottom land, the southern portion of defendant's is also bottom land—plaintiff's bottom being higher than defendant's. The general slope being northwest to the hills or bluff on defendant's lands, where there is a depression or wet-weather branch, called a spring branch, through which the surface water, when unobstructed from the plaintiff's and defendant's bottom lands drain off into Boeuf Creek, a permanent stream. The spring branch runs in a southwesterly direction over defendant's land crossing the dividing line between plaintiff and defendant and flows on a portion of plaintiff's before emptying into Boeuf Creek. Beginning on plaintiff's land and continuing over defendant's to the spring branch, is a swale from twenty-five to fifty feet wide, and about two and one-half feet deep through which surface water was conveyed from plaintiff's on to defendant's land and over the latter to the spring branch, thence into Boeuf Creek. Defendant, to

prevent the flow of surface water from plaintiff's land through this swale on to his own, threw up and maintains a dam of earth across the swale on his own land, but near the dividing line, and constructed a ditch along the southern boundary of his own and twelve hundred and twenty-three feet long, connecting with the swale at each end of the dam. The bottom of the ditch, however, being higher than the bottom of the swale. At the west end of the ditch, he cut another ditch about seventy-four feet long, connecting with the spring branch. The effect of the dam is to dam up and throw back the surface water that collects in the swale on plaintiff's land, by reason of which he lost, in the years 1899 and 1900, about two acres of growing wheat, and about one-eighth of an acre of his cultivated land in the swale has grown up in willows and weeds.

*Jesse H. Schaper* for appellant.

(1) Plaintiff introduced substantial evidence proving all the allegations of his petition, therefore, the trial court committed error in giving defendant's instructions in the nature of a demurrer to plaintiff's evidence. The petition, stating the first cause of action, alleges and the evidence shows that the drainage of the surface water from plaintiff's land, described in section 16, is into a natural water-course, Boeuf Creek, by and through a natural depression extending from plaintiff's land; and that defendant wrongfully constructed and maintained a dam across said depression, on his land, at the dividing line, thereby obstructing and turning back on plaintiff's land said surface water which resulted in damage to plaintiff's crops and land. Therefore, the facts thus pleaded and the evidence tending to prove same, call for the application of the provisions of the statutes of Missouri of 1899, regulating the drainage of land for agricultural purposes, to-wit: "Sec.

6962.   Land may be drained for agricultural purposes.—The owner of land in this State shall be permitted to construct drains, for agricultural purposes only, into any natural watercourse or any natural depression whereby the water will be carried into any natural watercourse, for the purpose of securing proper drainage to such land, without being liable in damages therefor to any other person or persons or corporation." (2)   The allegations of the petition containing the first cause of action are broad enough to make defendant liable for damages, not only for the violation of plaintiff's statutory right to the discharge of the water from his land in said natural depression, but defendant is also liable for damages at common law in this, that he constructed and maintained a ditch for the length of one-eighth of a mile on his land at the dividing line due west from his dam across said depression, and through this ditch he collected the water from his land and precipitated it in a body upon plaintiff's land in the said natural depression next above said dam, and there was substantial evidence in support of it.   In this State it is settled, that at common law a landowner has no right to collect surface water and precipitate it in a body upon a neighboring proprietor.   Paddock v. Somes, 102 Mo. 226, 238.

*J. C. Kiskaddon* for respondent.

Surface water is a common. enemy.   The proprietor of the lower ground has a right to repel that enemy coming on to his land from higher ground, and, in repelling it, has a right to erect a solid embankment and back the water on to the higher ground.   Jones v. Railroad, 18 Mo. App. 251, 257; Benson v. Railroad, 78 Mo. 514; Abbott v. Railroad, 83 Mo. 271; Jones v. Railroad, 84 Mo. 151; Field v. Railroad, 21 Mo. App. 600, 605.

Gottenstroetter v. Kapplemann.

BLAND, P. J.—There is no evidence, unless it be inferential from a profile of the lay of appellant's lands and the description thereof given by the witnesses, that the appellant might not, at a reasonable cost, convey the surface water that accumulates in the swale behind the dam on his land, by a ditch from the swale across his lands to the spring branch. If this can be done at a reasonable cost, it is his duty to take care of the water and he can not look to his neighbor for damages that may accrue to him on account of his own negligence to protect his own premises. Gottenstroeter v. Kapplemann, 83 Mo. App. 290, and cases cited. On the other hand, if appellant can not protect himself at a reasonable cost from the destructive influence of the water occasioned by the dam, to the land itself and to the crops thereon, then the dam is an unlawful structure and respondent should be held to respond for the damages occasioned thereby. Gottenstroeter v. Kapplemann, supra.

II. In respect to the short ditch, the evidence is that in times of high water, it conveys water from the spring branch and discharges it on appellant's lands, and that by reason of such discharge he lost, in 1899 and 1900, one and one-half to two acres of growing wheat; that but for the ditch this water would have been confined to the channel of the branch and done no injury to appellant. Under this evidence the cutting, making and maintaining of the short ditch is a clear invasion of appellant's property rights and respondent should be held to respond for damages occasioned by the unlawful structure. Paddock v. Somes, 102 Mo. 238; Gray v. Schriber, 58 Mo. App. 178.

The judgment is reversed and the cause remanded. All concur.